IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN POINDEXTER                                                                    PLAINTIFF

V.                                    CIVIL NO. 4:11-cv-04115

PATROLMAN GREGORY HARPER                                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, John Poindexter, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant's Motion for Summary Judgment (ECF No. 13); Brief in Support of Motion for Summary Judgment (ECF No. 14); and Statement of Facts (ECF No. 15). Plaintiff filed a Response to the Motion For Summary Judgment utilizing a questionnaire from the Court. ECF No. 21. Defendants replied. ECF No. 22. After careful consideration of the briefing, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

The events that are the subject of this lawsuit occurred when Plaintiff was arrested in Hope, Arkansas on November 7, 2011. Plaintiff is currently incarcerated in the Arkansas Department of Corrections Grimes Unit in Newport, Arkansas. Plaintiff filed the instant Complaint on November 22, 2011. ECF No. 1. In his Complaint, Plaintiff alleges his constitutional rights were violated

1

when Defendant used excessive force while arresting him. ECF No. 1, p. 4. Plaintiff has brought this action against Defendant in both his official and individual capacities.

In his Complaint, Plaintiff claims three officers grabbed him by both arms and twisted his "arm under" to turn him around. Two of the officers continued holding Plaintiff while the third officer pushed Plaintiff's right arm behind his back. Because the two officer pushed opposite directions, Plaintiff could not move. This resulted in a twisted wrist, forearm, and shoulder. Plaintiff suffered numbness and tingling as a result of these injuries. ECF No. 1, p. 4. While Plaintiff refers to three officers in his Complaint, he only named Patrolman Gregory Harper as a Defendant here. ECF No. 1, p.1. Plaintiff claims Defendant twisted his arm while handcuffing him damaging his shoulder and wrist. ECF No. 1, p. 8.

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v.*

*ReliaStar Life Ins. Co.*, 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  DISCUSSION

In their Motion for Summary Judgment and Brief in Support, Defendants argue: (1) Plaintiff failed to allege an official capacity claim against the City of Hope; and (2) Defendant is entitled to qualified immunity. In their Reply, Defendant argues Plaintiff exaggerated the amount of force used and the patrol car's dashboard camera footage shows Defendant only used the amount of force necessary to arrest Plaintiff.

#### A.  **Official capacity claims**

Plaintiff claims Defendant violated his constitutional rights in his official capacity by using excessive force when arresting him on November 7, 2011. Plaintiff describes the policy or custom of the City of Hope that violated his constitutional rights as:

> Officer Harper used unnessary blunt force while trying to handcuff me, and I still have pain in my elbow when I am moving it around, it will Pop and I have had nightmares of that day that has awoken me in cold sweats.

ECF No. 21, p. 7 (errors in original).

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense

3

> that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff failed to allege any policy or custom of the City of Hope that caused Defendant to use excessive force while arresting Plaintiff. "[R]igorous standards of culpability and causation must be applied to ensure that the [city] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a city has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There is no evidence on the record to support an official capacity claim against Defendant. Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, the City of Hope cannot be held liable based merely on the fact it employs Defendant. Therefore, Plaintiff's official capacity claim must fail as a matter of law.

    B.    **Excessive Force**

Plaintiff alleges Defendant used excessive force against him on November 7, 2011 by pulling his arm behind his back to place him in handcuffs.

A claim that an officer used excessive force against a free citizen in the course of an "arrest, investigatory stop, or other seizure" is properly analyzed under the "objective reasonableness standard" of the Fourth Amendment. *Graham v. Connor,* 490 U.S. 386, 397 (1989) (internal quotations omitted). The relevant inquiry being whether the official's actions are

4

"objectively reasonable in light of the facts and circumstances confronting [him]." *Id.* The reasonableness of the use of force is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Johnson v. Carroll,* 658 F.3d 819, 826 (8th Cir. 2011) (quoting *Graham,* 490 U.S. at 396). In determining the reasonableness of a particular use of force, the Court should consider the particular circumstances of each case, including (1) "the severity of the crime at issue;" (2) "whether the suspect poses an immediate threat to the safety of the officer or others;" and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Shannon v. Koehler,* 616 F.3d 855, 862 (8th Cir. 2010). A *de minimis* use of force will not support an excessive force claim. *Id.* (citing *Hunter v. Namanny,* 219 F.3d 825, 832 (8th Cir. 2000).

While a *de minimis* injury resulting from the force used normally does not foreclose an excessive force claim,[1] in the context of handcuffing, something more than *de minimis* injuries are required. *See Chambers v. Pennycook,* 641 F.3d 898, 907 (8th Cir. 2011) ("Handcuffing inevitably involves some use of force . . . and it almost inevitably will result in some irritation, minor injury, or discomfort where the handcuffs are applied."); *see also Hanig v. Lee,* 415 F.3d 822, 824 (8th Cir. 2005) ("[f]or the application of handcuffs to amount to excessive force, there must be something beyond minor injuries"); *Crumley v. City of St. Paul,* 324 F.3d 1003, 1008 (8th Cir. 2003) (no reasonable jury could find officer used excessive force in applying handcuffs when the plaintiff did not present any allegations of long-term or permanent physical injury as a result

---

[1] The general rule in excessive force cases is that the proper focus of the inquiry is on the amount of force used not the extent of the injuries. *Chambers,* 641 F.3d at 906 ("[I]t is logically possible to prove an excessive use of *force that caused only a minor injury,* and a rule that forecloses a constitutional claim in that circumstance focuses on the wrong question.") (emphasis in original).

5

of the handcuffing).

The record indicates Plaintiff was observed stealing socks from the Hope, Arkansas Walmart store on November 7, 2011.  ECF No. 15-1; ECF No. 21, p. 1.  When confronted, Plaintiff fled the store.  ECF No. 15-1; ECF No. 21, p. 2.  A Walmart employee contacted the Hope Police Department and Defendant, along with another officer, were dispatched to the scene.  ECF No. 15-3; ECF No. 21, p.2.  After fleeing the Wal-mart store, Plaintiff secured a ride with a couple in a S-10 Chevy truck.  Defendant was given this information and pulled the truck over in the Walgreens Pharmacy parking lot.  ECF No. 15-3; ECF No. 21, p. 3.  Defendant ordered Plaintiff out of the truck and informed him he was under arrest for shoplifting.  Defendant then grabbed Plaintiff's right arm and attempted to handcuff him.  ECF No. 15-3; ECF No. 21, pp. 3-4.  Plaintiff began struggling and resisting Defendant's attempts to handcuff him.  ECF No. 15-3; *Defendant's Statement of Facts,* Ex. G ("Defendant's Ex. G").  Defendant then physically moved Plaintiff's right hand behind his body in order to handcuff him.  ECF No. 15-3; Defendant's Ex. G; ECF No. 21, p. 4.  The entire incident involving the alleged use of force was recorded by the dashboard camera in Defendant's patrol car.  Defendant's Ex. G.  The Court has reviewed the video recording of the arrest.

Plaintiff disputes that he resisted being handcuffed, however, the dashboard camera footage of the arrest clearly shows Plaintiff resisting Defendant's attempts to handcuff him.  Defendant's Ex. G.  Plaintiff also swears under penalty perjury, in his Response, that he was "placed up against the truck" during the arrest.  ECF No. 21, p. 5.  The dashboard camera footage shows that Plaintiff was never placed up against the truck during his arrest.  Defendant's Ex. G.  Further, Plaintiff alleges in his Response that Defendant jumped out of his car in a rage with his gun drawn.  ECF

No. 21, p. 8.  The dashboard camera footage indicates this is a gross exaggeration.  Defendant's Ex. G.  While the Court does not weigh the evidence or determine the credibility of evidence at the summary judgment stage, it will not accept as true allegations that are blatantly contradicted by the record.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  Here the dashboard camera footage of the arrest clearly contradicts Plaintiff's allegations.

After arriving at the Hempstead County Detention Center ("HCDC"), Plaintiff complained his right arm was injured and he was taken to the Medical Park Hospital for treatment.  ECF No. 15-3; ECF No. 21, p. 5.  Plaintiff was diagnosed with a strained elbow and returned to the HCDC. ECF No. 15-3; ECF No. 21, p. 5.

The Court finds that, from the perspective of a reasonable officer on the scene, Defendant's use of force in handcuffing Plaintiff was objectively reasonable.  While Plaintiff's crime of shoplifting was not severe, he did flee the scene, and the dashboard camera footage clearly shows Plaintiff resisting Defendant's attempt to handcuff him.  *Greiner v. City of Champlin,* 27 F.3d 1346, 1355 (8th Cir 1994) ("When an arrestee flees or resists, some use of force by the police is reasonable.").

Further, the Court finds Defendant's use of force *de minimis*.  *Crumley,* 324 F.3d at 1007 (citing *Curd v. City Court,* 141 F.3d 839, 841 (8th Cir. 1998) (grabbing an arrestee's arm and turning her body, even if unnecessary to effect the arrest, does not amount to objectively unreasonable force)).

Finally, Plaintiff's claimed injuries of numbness and tingling are of the type inherent in handcuffing, and without factual allegations indicating long term injury or suffering from his elbow strain, these allegations do not support a claim for excessive force.  *Foster v. Metropolitan Airports*

7

*Commission,* 914 F.2d 1076, 1082 (8th Cir. 1990) (allegations of nerve damage from handcuffs without medical records indicating he suffered any long-term injury, are insufficient to support an excessive force claim based on handcuffing).

Therefore, there are no genuine issues of material fact as to whether Defendant used excessive force against Plaintiff while handcuffing him on November 7, 2011.[2]

## IV. CONCLUSION

For the reasons stated, I recommend that Defendant's Motion for Summary Judgment (ECF No. 13) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **12th day of February 2013.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE

---

[2] As the Court determines there are no genuine issues of material fact as to whether Defendant violated Plaintiff's constitutional rights, there is no need to address Defendant's remaining qualified immunity or *Heck* arguments.